IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| LEONIDAS TRAORE, | § § | |
| *Plaintiff,* | § § | CIVIL ACTION NO. 3:17-cv-00746 |
| v. | § § | JURY TRIAL REQUESTED |
| EPIC HEALTH SERVICES, INC. | § § § | |
| *Defendant.* | § | |

## ORIGINAL COMPLAINT

Plaintiff LEONIDAS TRAORE (hereinafter "Plaintiff"), by and through her counsel, for her Complaint against Defendant EPIC HEALTH SERVICES, INC. (hereinafter "Defendant"), seeks to recover for Defendant's violations of the Fair Labor Standards Act of 1938 (FLSA), 29 U.S.C. §§ 201 *et seq.*, and hereby states and alleges as follows:

### I.   INTRODUCTION

1.   Plaintiff brings this action pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201-219 (hereinafter the "FLSA").

2.   Defendant required and/or permitted Plaintiff to work in excess of forty (40) hours per week without compensation for all such hours worked.  This resulted in unpaid overtime hours worked by Plaintiff. Defendant failed to properly compensate the Plaintiff for her overtime hours worked.  Such conduct by Defendant was a violation of the FLSA which requires non-exempt employees to be compensated for their overtime work.  *See* 29 U.S.C. § 207(a).

3.   Defendant also failed to compensated Plaintiff for her last week worked. Such conduct by the Defendant was a violation of the FLSA which requires employees to be

compensated for their hours worked at a rate not less than the federal minimum wage ($7.25 per hour). *See* 29 U.S.C. § 206(a).

4. As a result of such violations of the FLSA by Defendant, Plaintiff brings this action seeking legal and equitable relief provided under the FLSA.

5. Additionally, Defendant breached its contract with Plaintiff when Defendant failed to compensate Plaintiff for her time worked during her last week at her regular hourly rate. Defendant further breached its contract with Plaintiff when Defendant failed to compensate Plaintiff for her accrued personal time when Plaintiff was terminated. These actions form the basis of Plaintiff's breach of contract claim.

## II. JURISDICTION

6. This Court has jurisdiction over the subject matter of this action pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 216(b) and 28 U.S.C. §§ 1331, 1337.

7. Venue is proper in the Northern District of Texas under 28 U.S.C. § 1391(b)(1) because Defendant maintains offices in the Northern District of Texas and is thus deemed to reside within this District.

## III. THE PARTIES

8. Plaintiff LEONIDAS TRAORE was at all material times a non-exempt employee of Defendant. She presently resides in Harris County, Texas and has been a resident of Tarrant County, Texas during all material times. Plaintiff worked for Defendant as a quality assurance clerk and billing specialist. Plaintiff was, at all material times, a covered, non-exempt employee of Defendant within the meaning of the FLSA, 29 U.S.C. §§ 203(e), (g).

9. Defendant EPIC HEALTH SERVICES, INC. ("Defendant") is a Texas corporation with its principal office located in Dallas, Texas and doing business in Texas.

Defendant can be served with process by serving its registered agent: C T Corporation System, 1999 Bryan St., Ste. 900, Dallas, TX 75201.

## IV. COVERAGE

10. Defendant transacts business in Texas.

11. At all material times, Defendant has been an employer within the meaning of the FLSA, 29 U.S.C. § 203(d).

12. At all material times, Defendant has been an enterprise within the meaning of the FLSA, 29 U.S.C. § 203(r).

13. At all material times, Defendant has been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA because it has engaged employees in commerce. 29 U.S.C. § 203(s)(1).

14. Defendant has had, and continues to have, an annual gross income of sales made or business done of not less than $500,000. 29 U.S.C. § 203(s)(1).

15. At all material times, Plaintiff and potential opt-in plaintiffs were individual employees engaged in commerce or in the production of goods for commerce as required by the FLSA, 29 U.S.C. §§ 206, 207.

## V. GENERAL FACTUAL ALLEGATIONS

16. Defendant provides home health services and medical supplies to clients in Texas and nationwide.

17. Plaintiff, at all material times, worked for Defendant as a quality assurance clerk and/or a billing specialist.

18. Defendant set her work schedules, directed her work duties, and determined her pay.

19. Defendant did not accurately track the time worked by Plaintiff. Plaintiff regularly performed work off-the-clock from home on weekends. Plaintiff was also required to work off-the-clock during lunch. Plaintiff's off-the-clock hours were overtime hours for which Plaintiff should have been compensated at one and one-half times her regular hourly rate. Plaintiff was not compensated for her off-the-clock time.

20. Additionally, Plaintiff was not compensated for any of the time she worked during her last week of employment.

21. At the time of Plaintiff's termination, Plaintiff had accrued at least twenty-two hours of personal time for which she was entitled to be paid upon termination. Defendant did not pay Plaintiff for her accrued personal time.

22. Defendant had a policy and practice of not correctly compensating Plaintiff for work performed for the benefit of Defendant over and above forty (40) hours per week.

23. Plaintiff was regularly required and/or permitted to work more than 40 hours per week without proper compensation for overtime hours as mandated by the FLSA and is entitled to damages for the period beginning three (3) years prior to filing this Complaint and continuing (hereinafter the "Liability Period").

24. Plaintiff was additionally required to perform work for the benefit of Defendant during Plaintiff's final week of employment for which Plaintiff was not compensated as mandated by the FLSA and as required by Defendant's agreement to pay Plaintiff for work performed by Plaintiff.

## VI. COUNT I
**(Violation of FLSA, 29 U.S.C. §§ 206(a) & 207(a))**

25. Paragraphs 1-24 are incorporated herein as if set forth in full.

26. At all material times, Plaintiff was an employee of Defendant.

27. At all material times, Defendant required and/or permitted Plaintiff to work in excess of forty (40) hours per week, but refused to compensate her for all such hours.

28. Such conduct by Defendant was a violation of the FLSA which requires non-exempt employees to be compensated for their overtime work at a rate of one and one-half times their regular rate. *See* 29 U.S.C. § 207(a). Accordingly, Plaintiff has been deprived overtime compensation in an amount to be determined at trial.

29. Additionally, Plaintiff was not compensated for her time worked during her final week of employment. Such conduct by Defendant was a violation of the FLSA which requires Plaintiff to be compensated for her time worked at a rate of at least $7.25 per hour. Accordingly, Plaintiff has been deprived of minimum wages in an amount to be determined at trial.

30. Further, Plaintiff is entitled to recovery of such amounts in addition to liquidated damages, including without limitation costs of court, expenses, and attorneys' fees. *See* 29 U.S.C. § 216(b).

31. The claims in this action are subject to a three-year statute of limitations because the Defendant's FLSA violations were willful. Specifically, Defendant had actual knowledge of the FLSA and knew that Plaintiff was a non-exempt hourly employee and was entitled to payment of at least $7.25 per hour for all hours worked and overtime compensation at a rate of at least one and one-half times her regular hourly rate for all hours worked beyond forty per week. *See* 29 U.S.C. § 255.

### VII. COUNT II
**(Breach of Contract)**

32. Paragraphs 1-31 are incorporated herein as if set forth in full.

33. Plaintiff and Defendant entered into an agreement whereby Plaintiff would work for Defendant in exchange for certain compensation and benefits, including the accrual of paid

personal time and compensation for each hour worked. Over the course of Plaintiff's employment, plaintiff accrued at least 22 hours of personal time which Plaintiff had not used at the time of the termination of Plaintiff's employment. Under the terms of the agreement between Plaintiff and Defendant, Defendant was obligated to pay Plaintiff her hourly rate for the unused personal time upon the termination of Plaintiff's employment. Defendant breached this agreement when Defendant failed and/or refused to compensate Plaintiff for her unused vacation time. This breach has caused injury to Plaintiff.

34. Defendant further breached its agreement when Defendant failed to compensate Plaintiff at her regular hourly rate for the hours Plaintiff worked during her final week of employment. This breach caused injury to Plaintiff.

## **PRAYER FOR RELIEF**

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays for monetary, injunctive, and declaratory relief as follows:

(a) issue an Order directing and requiring Defendant to pay Plaintiff damages in the form of reimbursement for unpaid minimum wages owed for all hours worked and premium overtime wages (past and future) for all time spent in excess of forty (40) hours per week performing compensable work for which she was not paid pursuant to the rate provided by the FLSA;

(b) issue an Order directing and requiring Defendant to pay Plaintiff liquidated damages pursuant to the FLSA in an amount equal to, and in addition to, the amount of minimum wage and overtimes compensation owed to her;

(c) issue an Order directing and requiring Defendant to pay Plaintiff damages resulting from Defendant's breach of contract, including actual and/or compensatory damages, consequential and incidental damages, and reasonable and necessary attorneys' fees and costs;

(d) issue an Order directing Defendant to reimburse Plaintiff for the costs of court, expenses, and attorneys' fees expended in the course of litigating this action, with pre-judgment and post-judgment interest; and

(e) issue an Order declaring Defendant's overtime practices to be illegal and directing Defendant to comply with the FLSA;

(f) issue an order for injunctive relief ordering the Defendant to end all of the illegal wage practices alleged herein pursuant to the FLSA; and

(g) provide Plaintiff with such other and further relief as the Court deems just and proper.

## VIII. DEMAND FOR JURY TRIAL

Plaintiff hereby requests trial by jury of all issues triable by jury under Texas and Federal law.

Respectfully submitted,

By: _/s/Charles W. Branham, III_
Charles W. Branham, III
Texas Bar No. 24012323
DEAN OMAR & BRANHAM, LLP
3900 Elm Street
Dallas, Texas 75226
214-722-5990
214-722-5991 (fax)
tbranham@dobllp.com

**ATTORNEYS FOR PLAINTIFF**